**LONG HU, Petitioner,**

v.

---

**60**

Alberto R. GONZALES,[1] Respondent.

No. 04–3614–ag.

United States Court of Appeals,
Second Circuit.

June 1, 2007.

Robert J. Adinolfi, New York, New York, for Petitioner.

Catherine L. Hanaway, United States Attorney; Andrew J. Lay, Assistant United States Attorney General, St. Louis, Missouri, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Petitioner Long Hu, a citizen of the People's Republic of China, seeks review of a June 15, 2004 order of the BIA affirming the May 9, 2003 decision of Immigration Judge ("IJ") John Opaciuch denying Hu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Long Hu,* No. A 79 786 835 (B.I.A. June 15, 2004), *aff'g* No. A 79 786 835 (Immig. Ct. N.Y. City May 9, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Substantial evidence supports the BIA's and IJ's adverse credibility determinations. First, the IJ properly relied on Hu's omission from his border interview the alleged detention in China due to his practice of Falun Gong, when that omission was material to his claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). In addition, the IJ reasonably rejected Hu's explanation that he was "afraid" to mention his practice of Falun Gong because it was "too troublesome." *See e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Second, the IJ appropriately relied on the material inconsistency between Hu's testimony that he was detained in November 2001 and released in December 2001, and the indication in his written application that he was detained in December 2001 and released in January 2002. *See Secaida–Rosales,* 331 F.3d at 308. In doing so, the IJ was not required to credit Hu's testimony that this inconsistency was a "mistake." *See Majidi,* 430 F.3d at 80–81. Third, the IJ reasonably found it implausible that Hu practiced Falun Gong "in the open" after it had been banned in 1999 when it is clear from this testimony that people saw him practicing outside. *See Siewe v. Gonzales,* 480 F.3d 160 (2d Cir. 2007) (according deference to an IJ's finding if the "inferential leap is tethered to the evidentiary record"). Finally, the IJ also properly took into account Hu's failure to provide medical records to corroborate his statement that he received treatment for a concussion sustained during his alleged detention, when Hu provided medical evidence from an earlier hospital visit. *See Xiao Ji Chen v. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (illustrating that an applicant's failure to corroborate his testimony may bear on credibility because it renders an applicant unable to rehabilitate testimony that has already been called into question).

Although the IJ's adverse credibility determination may, in part, have reflected a misunderstanding of the petitioner's testimony, remand is not required in this case when we can confidently predict that the agency would adhere to the same decision upon remand. *See id.* at 339–40. Because the only evidence of a threat to Hu's life or freedom with respect to his Falun Gong claim depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, despite the Government's contention that we lack jurisdiction to review Hu's CAT claim based on his illegal departure from China, he has sufficiently preserved this argument for appellate review. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir. 2005) (emphasizing that a petitioner is not limited to the "exact contours" of his argument to the agency). However, substantial evidence supports the IJ's determination that Hu did not meet his burden of establishing eligibility for relief under the CAT. Although Hu argues that he would be imprisoned and beaten because he was smuggled out of the country, he did not explain why he believed such events would actually transpire in his case. Without more "particularized evidence," it cannot be concluded on this record that it would be more likely than not that Hu would be tortured if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005) (holding that a request for CAT relief based solely on the fact that the applicant is part of the large class of persons who have illegally left China was insufficient to compel a finding that the applicant was entitled to relief).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.